

Tammy Hussin, Esq. (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Kelly Gabel

FILED
CLERK, U.S. DISTRICT COURT
AUG 1 3 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Kelly Gabel,

Plaintiff,

vs.

Performant Recovery, Inc.; and DOES 1-10, inclusive,

Defendants.

Case No. CV13-5895 JLQ

**COMPLAINT FOR DAMAGES**
1. **VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *ET. SEQ.*;
2. **VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788** *ET. SEQ.*

**JURY TRIAL DEMANDED**

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Kelly Gabel, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Kelly Gabel (hereafter "Plaintiff"), is an adult individual residing at Brooksville, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Performant Recovery, Inc. ("Performant"), is a California business entity with an address of 818 West Seventh Street, Los Angeles, California 90017, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Performant and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Performant at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Citibank Student Loans (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Performant for collection, or Performant was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B.  **<u>Performant Engages in Harassment and Abusive Tactics</u>**

12. Beginning on or around September 2012, Plaintiff agreed to make monthly payments of $50.00 to Performant in an effort to reduce the balance owing on the Debt.

13. Plaintiff made the payments as agreed and in an effort to more quickly satisfy the Debt, in February 2013, Plaintiff made a significantly larger payment in the amount of $3,000.00.

14. Despite making monthly payments, Performant began to place calls to Plaintiff at an excessive and harassing rate on an almost daily basis, often times calling Plaintiff multiple times throughout each day, placing up to six (6) calls per day to Plaintiff's cellular telephone. The calls were annoying and instusive, especially insofar as Plaintiff had made a substantially higher payment.

15. Plaintiff spoke with Perfomant to object to the constant calls. Performant claimed that it had not received a payment from Plaintiff. Plaintiff advised Performant that he had made the $3000 payment and that his bank reflected that Performant had in fact received the payment.

16. Performant demanded that Plaintiff provide them with proof of her $3,000.00 payment. Plaintiff provided Performant with proof that the payment had been made; however, Performant continued to call Plaintiff at an excessive rate as aforementioned.

17. Even after providing Performant with proof of the payment, Performant continued to insist that the payment had not been paid. Plaintiff requested an accounting from Performant to evidence all the payments that had been made.

18. Performant agreed to provide Plaintiff with an accounting, but never did, and continued to call Plaintiff at an excessive rate as aforementioned.

19. In March, instead of the agreed upon payment of $50, Plaintiff paid Performant the sum of $1000. The calls from Perfomant nevertheless continued to come.

20. Plaintiff repeatedly requested the accounting of her payments, but was told she could not receive an accounting until she filled out new financial information.

21. Performant sent Plaintiff two letters on April 15, 3013, neither of which contained the promised accounting from Performant. The first letter confirmed the agreement for Plaintiff to pay $50 per month and required nothing other than for Plaintiff to make the agreed upon payments. The second letter advised Plaintiff that she was required to send certain financial information if she wished to make voluntary payments.

22. Performant's two letters were conflicting and confusing, especially since Plaintiff had been making monthly payments for quite some time. Plaintiff advised Performant that she would make no payments until such time as an accounting was received.

23. Plaintiff repeatedly objected to the annoying calls and frequently requested that they stop. Plaintiff told Performant that the constant calls were interfering with her ability to work. Performant ignored Plaintiff's requests and the calls continued as aforementioned. Plaintiff ultimately was forced to seek the assistance of counsel to get the calls to stop.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, *et seq.***

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

26. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

27. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

28. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

29. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages from the Defendants for the all damages for the negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

E. Punitive damages; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: August 8, 2013                    TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Kelly Gabel

Tammy Hussin, Esq.
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, California 92011
Telephone: (855) 301-2100 Ext. 5514
Facsimile: (203) 653-3424

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kelly Gabel<br><br>PLAINTIFF(S)<br>v.<br>Performant Recovery, Inc.; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV13- 5895** JLQ<br><br><br>SUMMONS |

TO:   DEFENDANT(S):   Performant Recovery, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Tammy Hussin, Esq., Lemberg & Associates, LLC, whose address is 6404 Merlin Drive, Carlsbad, CA 92011.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated:   AUG 1 3 2013

Clerk, U.S. District Court

By: _____
Deputy Clerk
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                      SUMMONS